UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DeANGELO LAMONT THOMAS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 1:05 CV 197 LMB |
| UNKNOWN JOHNSON, et al., | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the court on the Complaint of Plaintiff DeAngelo Lamont Thomas alleging a civil rights action pursuant to 42 U.S.C. § 1983 against defendants Unknown Johnson, et al. Presently pending before the court is plaintiff's Motion to Alter or Amend the Judgment issued on September 27, 2007. (Documents Number 102). Defendants have not filed a Response.

In his Complaint, plaintiff alleges that defendants used excessive force on him on March 1, 2005, resulting in chemical spray exposure. Plaintiff claims that he was forced to remain exposed to pepper spray on his personal items for several days thereafter. Plaintiff alleges that defendants were deliberately indifferent to his health and safety and that defendants failed to protect him from a substantial risk of harm.

On September 27, 2007, the court issued a Memorandum and Order dismissing plaintiff's Complaint as to Defendants Donald Husk, Amanda McMillen, and John C. Darin due to lack of service; substituting Mark Jaynes for Roger Jaynes as a defendant; denying plaintiff's Motion for Entry of Default; denying plaintiff's Motion to Compel; denying plaintiff's Motion to Exclude

Deposition of DeAngelo Lamont Thomas; and granting Defendants Johnson, Hargrave, Luber, Jaynes, Dowdy, and Dare's Motion for Summary Judgment. (Doc. No. 99).

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no more than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). District courts enjoy broad discretion in ruling on such motions. See Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993). Motions under Rule 59(e) serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). A Rule 59(e) motion cannot be used "to introduce new evidence that could have been adduced during pendency of the summary judgment motion...Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." Concordia College Corp., 999 F.2d at 330. See Capitol Indemnity Corp. v. Russellville Steel Co., 367 F.3d 831, 834 (8th Cir. 2004); Global Network Technologies, Inc. v. Regional Airport Authority of Louisville and Jefferson County, 122 F.3d 661, 665-66 (8th Cir. 1997).

In his Motion to Alter or Amend the Judgment, plaintiff challenges the court's denial of his Motion for Entry of Default, Motion to Compel, and Motion to Exclude Deposition; grant of defendants' Motion for Summary Judgment; and the dismissal of Defendants Darin, McMillen, and Husk. The undersigned will discuss each of plaintiff's claims in turn.

A. **Plaintiff's Motion for Entry of Default and Motion to Compel**

In his Motion for Entry of Default and his Motion to Compel, plaintiff claimed that defendants failed to produce "any inter-office communications regarding plaintiff's declarations of suicide on March 1, 2005, during the midnight shift," pursuant to the court's order granting

plaintiff's motion to compel. The court denied these motions on the basis that no such document exists.

Plaintiff argues that the court erred in denying these motions. Plaintiff contends that defendants failed to determine which officer observed plaintiff's declarations of suicide. Plaintiff also argues that defendants produced an inter-office communication dated after the incident in question, which indicates that inter-office communications are produced in response to suicide declarations.

The court finds that plaintiff has failed to demonstrate that an inter-office communication regarding plaintiff's declarations of suicide on March 1, 2005, exists. As such, there is no basis to amend the court's order denying plaintiff's Motion for Entry of Default or Motion to Compel.

**B.** **Plaintiff's Motion to Exclude Deposition**

The court denied plaintiff's Motion to Exclude the Deposition of DeAngelo Lamont Thomas. In his Motion to Alter or Amend the Judgment, plaintiff makes the same arguments he made in support of his Motion to Exclude Deposition. Plaintiff has failed to demonstrate grounds for altering or amending the court's order denying his Motion to Exclude Deposition.

**C.** **Dismissal of Defendants Darin, McMillen, and Husk**

The court dismissed plaintiff's Complaint as to Defendants Darin, McMillen, and Husk for lack of service. The court noted that plaintiff failed to provide the correct addresses of these defendants despite being directed to do so.

Plaintiff argues that the court erred in dismissing his Complaint against Defendants Darin, McMillen, and Husk because defendants were directed to provide the court with these addresses and failed to do so. Plaintiff also contends that he did in fact provide the last known address of Defendant Darin.

On August 28, 2006, the court directed defendants to provide the last known address of Defendants McMillen and Husk, if they had such information. (Doc. No. 49). Correctional Medical Services (CMS) had previously indicated that it would not be waiving service for Defendant McMillen as she was not a current employee of CMS. (Doc. No. 8). On August 29, 2006, defendants informed the court that they had provided the last known address of Defendant Husk, a former Department of Corrections employee, to the U.S. Marshal Service. (Doc. No. 52). A summons was issued as to Defendant Husk and forwarded to the U.S. Marshal Service for service on August 31, 2006. The summons, however, was returned unexecuted by the U.S. Marshal Service on December 6, 2006. (Doc. No. 88). As such, defendants complied with the court's order directing them to provide the last known addresses of Defendants McMillen and Husk if they had such information. These defendants were properly dismissed due to lack of service.

Plaintiff claims that he provided the court with the last known address of Defendant Darin, a psychiatrist as Southeast Correctional Center (SECC). On September 1, 2006, CMS indicated that it would not be waiving service for Defendant Darin as he was not a current employee or contractor of CMS. (Doc. No. 54). The Clerk of Court therefore directed plaintiff to provide the court with an address at which Defendant Darin could be served. (Doc. No. 57). Plaintiff responded by stating that the only address he had for Defendant Darin was his work address at SECC. (Doc. No. 58). The court again directed plaintiff to provide the court with the correct address of Defendant Darin on June 8, 2007. (Doc. No. 90). Plaintiff responded to this order by stating that the last known address of Defendant Darin was at Potosi Correctional Center (PCC). (Doc. No. 92). Although plaintiff has indicated that plaintiff is employed as a psychiatrist at either SECC or PCC, CMS has stated that Defendant Darin is not an employee. As such, plaintiff

has failed to provide a correct address for Defendant Darin and dismissal of plaintiff's Complaint as to Defendant Darin was proper.

D.  **Defendants' Motion for Summary Judgment**

In their Motion for Summary Judgment, defendants argued that plaintiff failed to demonstrate a basis for relief under either the subjective or objective prongs of an Eighth Amendment analysis. Defendants argued in the alternative that they were protected by the doctrine of qualified immunity. The court granted defendants' Motion for Summary Judgment, finding that the undisputed evidence revealed that defendants did not use excessive force and that defendants did not deliberately disregard plaintiff's known serious medical needs.

1.  **Excessive Force**

Plaintiff first objects to the court's finding that defendants did not use excessive force. Plaintiff argues that defendants failed to provide any evidence to support their allegation that plaintiff declared suicide on the midnight shift and that he then refused to submit to mechanical wrist restraints. Plaintiff contends that he has provided evidence that he did not declare suicide on the midnight shift. Plaintiff also claims that he suffered chest pains, headaches, and skin irritations for several months after the force was applied.

The court, in its Memorandum and Order granting defendants' Motion for Summary Judgment, articulated the basis for finding that there were no disputes as to any material facts with respect to plaintiff's excessive force claim. In his Motion to Alter or Amend the Judgment, plaintiff reiterates the same arguments he made in opposition to the Motion for Summary Judgment. Plaintiff has not presented any newly discovered evidence, nor does he point to any mistake as to law or fact. Thus, plaintiff's motion will be denied as to plaintiff's excessive force claim.

### 2. Deliberate Indifference

Plaintiff next challenges the court's finding with regard to plaintiff's deliberate indifference claim. Plaintiff argues that the court erroneously analyzed plaintiff's claim as one of deliberate indifference to his serious medical needs when he alleged in his Complaint that defendants were deliberately indifferent to his health and safety and that defendants failed to protect him from a substantial risk of harm. Plaintiff contends that the court's conclusions should therefore be reversed and the matter should be submitted to a jury.

The court did interpret plaintiff's deliberate indifference claim as a deliberate indifference to serious medical needs claim. Plaintiff's claim was construed as such due to the following allegations in his Response to defendants' Motion to Summary Judgment: he suffered difficulty breathing, his declarations of a "medical emergency" were ignored, Defendant McMillen refused to assess his vitals after his declaration of a medical emergency, and he was denied treatment by Defendant McMillen for chest pains. Plaintiff is correct, however, in his assertion that he did not allege that defendants were deliberately indifferent to his serious medical needs. Rather, plaintiff claimed that defendants were deliberately indifferent to his health and safety and that defendants failed to protect him from a substantial risk of harm.

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendants' conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Id. Deliberate indifference to health or safety is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety."

Id. The Eighth Circuit has noted that conditions, "such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months." Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994). In order to state a viable failure to protect claim, a prisoner must allege that the defendants were deliberately indifferent to a substantial risk of harm to the plaintiff. Berry v. Sherman, 365 F.3d 631, 634 (8th Cir. 2004).

Although the court construed plaintiff's claim as a deliberate indifference to serious medical needs claim, when analyzed as a deliberate indifference to health or safety and failure to protect claim, the outcome remains unchanged. The undisputed facts reveal that defendants were not deliberately indifferent to plaintiff's health or safety, nor did defendants fail to protect plaintiff from a substantial risk of harm.

As the court discussed in its Memorandum and Order granting defendants' Motion for Summary Judgment, plaintiff does not deny that he had materials with which to clean his cell and that he ultimately received a cell transfer. There is no record that plaintiff retained pepper spray on his person or in his cell. Further, plaintiff received prompt medical attention when he requested it. Plaintiff claims that defendants did not act fast enough to transfer him to another cell. As such, plaintiff alleges, at most, a claim for negligence. Negligence, however, is insufficient to rise to a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Thus, the court finds that there is no genuine issue of material fact that defendants did not show deliberate indifference to plaintiff's health or safety nor did defendants fail to protect plaintiff from a substantial risk of harm.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend the Judgment (Doc. No. 102) be and it is **denied**.

Dated this 30th day of October, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE